WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-25-00226-001-PHX-SHD |
|---|---|
| Plaintiff, | |
| vs. | **ORDER** |
| Anthony Curtis Helton, | |
| Defendant. | |

Before the Court is Defendant's application for issuance of a subpoena duces tecum pursuant to Fed. R. Crim. P. 17(b) and (c) (lodged at Doc. 40 (the "Application")), and corresponding motion to file the Application ex parte and under seal (Doc. 39).  For the reasons set forth below, the Court will grant Defendant's request to file the Application under seal but will defer resolving whether the Application can be considered ex parte—and whether the Application should be granted—pending further briefing.[1]

## I.      Sealing the Application and Considering It Ex Parte

Although there is no binding precedent addressing whether applications for subpoenas under Rule 17(c) may be sought ex parte and under seal, another judge in this District recently concluded that "proceeding in an *ex parte* fashion is only 'appropriate in those rare situations where mere disclosure of the application for a pre-trial subpoena would: (i) divulge trial strategy, witness lists or attorney work-product; (ii) imperil the

---

[1]      This order will be available on the public docket because it does not reveal the substance of the subpoena, the materials sought, or Defendant's trial strategy considerations.  *See United States v. Sarinana*, 2025 WL 1940009, *1 (D. Ariz. 2025) ("*Sarinana I*") (publicly filing order addressing under seal and ex parte filing).

source or integrity of subpoenaed evidence; or (iii) undermine a fundamental privacy or constitutional interest of the defendant.'" *Sarinana I*, 2025 WL 1940009, at *1 (quoting *United States v. Clason*, 2007 WL 1259138, *1 (D. Ariz. 2007)).

Here, Defendant requests that the Application be considered ex parte and filed under seal because "the information provided in [the] application necessarily contains the work product of defense counsel and discloses defense strategy." (Doc. 40 at 2.)  Addressing an identical justification for ex parte treatment, the court in *Sarinana I* expressed its reservations but nonetheless sealed the application and considered it ex parte: "Although it is not obvious why [the application necessarily contains work product and discloses defense strategy]—Defendant's explanations on this point are undeveloped and conclusory—the Court is willing to give Defendant the benefit of the doubt." 2025 WL 1940009, at *1 (collecting cases to support conclusion).

This Court shares those same reservations but will—at least initially—give Defendant the benefit of the doubt and seal the Application.  It is unclear, however, whether Defendant is entitled to ex parte relief under Rule 17(c)(3), and thus whether the Application should remain under seal.  That provision was added to implement the Federal Crime Victims' Rights Act.  *See* Fed. R. Crim. P. 17 advisory committee's note to 2008 amendment ("This amendment implements the Crime Victims' Rights Act, codified at 18 U.S.C. § 3771(a)(8)"); *see also United States v. McClure*, 2009 WL 937502 at *2 n.2 (E.D.Cal. 2009).  It states:

> After a complaint, indictment, or information is filed, a subpoena requiring the production of personal or confidential information about a victim may be served on a third party only by court order. Before entering the order and unless there are exceptional circumstances, the court must require giving notice to the victim so that the victim can move to quash or modify the subpoena or otherwise object.

Fed. R. Civ. P. 17(c)(3).  Thus, if a "subpoena requires the production of personal or confidential information about a victim, Rule 17(c)(3) now requires that the court find 'exceptional circumstances' before allowing the subpoena to be served without giving prior

notice to the victim." *McClure*, 2009 WL 937502, at *2.

Defendant did not cite or address Rule 17(c)(3) in the Application. The Court will therefore require Defendant to brief whether its requested subpoena seeks "the production of personal or confidential information" about the victim and whether "exceptional circumstances" exist such that the Court may resolve the Application ex parte. Defendant may file its supplemental brief under seal and must attach its proposed subpoena as an exhibit.[2] If the Court determines that Rule 17(c)(3) applies and there are no exceptional circumstances allowing for ex parte resolution, the Application and proposed subpoena will be unsealed to allow the victim or the Government to "move to quash or modify the subpoena or otherwise object."[3]

## II.    Merits of the Application

The Supreme Court has explained that a Rule 17(c) application for a subpoena for production before trial may be granted only if the movant shows:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974). Put another way, a movant must clear three hurdles: (1) relevancy; (2) admissibility; and (3) specificity. *See, e.g.*, *Sarinana I*, 2025 WL 1940009, at *2.

The Court will defer resolving the merits of the Application until after receiving

---

[2]    Defendant states in the Application that "[a] copy of the subpoena is attached," (Doc. 40 at 3), but no such copy was provided.

[3]    Under the Crime Victims' Rights Act, the Government may have standing to object to a Rule 17(c)(3) subpoena on behalf of a victim. *See United States v. Crutchfeld*, 2014 WL 2569058, at *1 (N.D. Cal. 2014).

supplemental briefing from Defendant and, if appropriate under Rule 17(c)(3), after the Government or victim have had the opportunity to object to the subpoena.

**III.    Form of the Subpoena**

In addition to briefing the issues addressed above, Defendant shall also address the following two issues in its supplemental brief: (1) the place of compliance (i.e., the place where responsive information must be produced) in the event the Court grants the Application, and (2) whether all parties—rather than the Defendant alone—should have access to any information produced.  Both issues were addressed in *Sarinana I*, 2025 WL 1940099, at *2–3, and the latter issue was addressed in a subsequent order issued in that case, *United States v. Sarinana*, 2025 WL 2062710, at *1–2 (D. Ariz. 2025) (*Sarinana II*). With respect to the second issue, the court reached the same conclusion in both *Sarinana I* and *Sarinana II*—that under the circumstances of that case, all parties should have access to information produced pursuant to the subpoena.  Defendant, however, will have the opportunity to brief both issues in its supplemental brief, including whether the facts of this case warrant a different result.

**IT IS ORDERED** that Defendant's Motion to File Ex Parte and Under Seal (Doc. 39) is **GRANTED IN PART**.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to file Defendant's Application for Issuance of a Subpoena Duces Tecum (lodged at Doc. 40), under seal, along with the Motion to File Under Seal.

**IT IS FURTHER ORDERED** that no later than March 13, 2026, Defendant shall file a supplemental brief that attaches a copy of the proposed subpoena and addresses: (1) whether the proposed subpoena seeks the production of personal or confidential information about the victim; (2) whether "exceptional circumstances" exist such that the Application may be resolved ex parte; (3) the proper place for compliance with the proposed subpoena; and (4) whether all parties should have access to any information produced under the proposed subpoena.

- 4 -

Dated this 27th day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge